## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

DAVE'S HOT CHICKEN
FRANCHISE CO., LLC,

      Plaintiff,

v.

DOSTANA LLC (d/b/a BLAZIN' HOT
CHICKEN),

      Defendant.

Civil Action No. _____

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff, Dave's Hot Chicken Franchise Co., LLC, for its Complaint against Defendant,

Dostana LLC (d/b/a Blazin' Hot Chicken), pleads and alleges as follows:

## THE PARTIES

1.      Plaintiff Dave's Hot Chicken Franchise Co., LLC is a Delaware limited liability

company having its principal place of business at 600 Playhouse Alley, #504, Pasadena, California

91101 (hereinafter "Dave's Hot Chicken" or "Plaintiff").

2.      Upon information and belief, Defendant Dostana LLC d/b/a Blazin' Hot Chicken

is a Louisiana limited liability company having its principal place of business at 426 Kirby Street,

Lake Charles, Louisiana 70601 (hereinafter "Blazin' Hot Chicken" or "Defendant").

## JURISDICTION AND VENUE

3.      This is an action for federal trademark infringement and unfair competition under

the Lanham Act, 15 U.S.C. § 1051, *et seq.*, copyright infringement under the Copyright Act, 17

U.S.C. § 101, *et seq.*, injury to business reputation and trademark dilution under La. R.S. 51:223.1,

unfair trade practices under La. R.S. 51:1401, *et seq.*, and trademark infringement, trade dress

infringement, and unfair competition under Louisiana law. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1332 and 1338, as well as 15 U.S.C. § 1121, as well as supplemental jurisdiction under 28 U.S.C. § 1367. The amount in controversy, exclusive of costs and interest, exceeds seventy-five thousand dollars ($75,000.00) and is between a citizen of the State of California and a citizen of the State of Louisiana.

4.      Each member of Plaintiff is a citizen or permanent resident of California. Upon information and belief, each member of Defendant is a Louisiana limited liability company or an individual citizen of Louisiana. No information available to Plaintiff indicates that Defendant, or any of its members, is a citizen of California.

5.      This Court has personal jurisdiction over Defendant because Defendant is a citizen of the State of Louisiana. Defendant is a Louisiana limited liability company with its principal place of business in Lake Charles, Louisiana.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because this District presents a valuable market for Dave's Hot Chicken resulting in Plaintiff's planned expansion into this District, Defendant's operations, advertising, and infringement occur throughout the State of Louisiana, and Defendant is purposefully expanding into this District such that Defendant has caused and continues to cause injury to Plaintiff and its business in this District.

## DAVE'S HOT CHICKEN'S BUSINESS AND BRAND

7.      Dave's Hot Chicken is an American fast casual restaurant specializing in Nashville-style hot chicken. In 2017, Dave's Hot Chicken was founded by three childhood friends who opened a chicken stand in a parking lot in East Hollywood in Los Angeles, California. Dave's Hot Chicken quickly grew in popularity, and in 2018, Dave's Hot Chicken opened its first brick-and-mortar location on Western Avenue in Los Angeles. To evoke a similar feel to the initial chicken

stand in a parking lot, the first brick-and-mortar restaurant started a brand element that has since become a signature and iconic feature of all Dave's Hot Chicken establishments—restaurant walls and ceilings adorned with street art and graffiti. The use of graffiti in combination with bright red neon signage, light wooden tables with red chairs, and unique menu designs (together, the "Trade Dress") ensures that customers can immediately identify a Dave's Hot Chicken location. Thanks to Dave's Hot Chicken's continuous use and extensive promotional efforts, the unique style of the Trade Dress has become a recognizable and distinctive feature of Dave's Hot Chicken restaurants all throughout the United States and internationally.

8.       In 2019, due to rapid growth in demand and popularity, Dave's Hot Chicken developed a franchising model and began expansion of the restaurant chain. Starting with opening additional locations in California, Dave's Hot Chicken has opened and operates more than 200 locations throughout the United States. Dave's Hot Chicken has also expanded globally, including in Canada, the United Kingdom, Dubai, Qatar, and Saudi Arabia. Dave's Hot Chicken continues to grow and establish itself in new markets, both in the United States and overseas.

9.       Specifically, Dave's Hot Chicken has already sold franchise rights for the State of Louisiana and has plans to open new locations throughout the state, including in New Orleans.

10.      Dave's Hot Chicken's promotional efforts and marketing campaigns have been immensely successful. Dave's Hot Chicken spends millions of dollars annually on promotion of its brand, products, and services, including on social media, television, internet advertising, and sponsorship campaigns.

11.      The Dave's Hot Chicken brand has also been bolstered and has reached an ever-widening audience through several notable celebrity investors, including rapper Drake, actor

Samuel L. Jackson, former First Lady of California Maria Shriver, athlete and television personality Michael Strahan, and Boston Red Sox owner Tom Werner.

12.    Soon after its inception, Dave's Hot Chicken was a near-immediate success. Consumers began engaging with the Dave's Hot Chicken brand on social media and caused Dave's Hot Chicken to go "viral" numerous times.

13.    The Dave's Hot Chicken brand, including its unique and bold graffiti restaurant décor, has become so far-reaching and pervasive that it caught the attention of numerous high-profile celebrities. Resulting celebrity mentions, endorsements, and reviews have helped propel the Dave's Hot Chicken brand into a nationally recognized restaurant chain.

14.    For instance, celebrity rapper and investor Drake has consistently promoted the brand to fans and followers on social media and other channels.



*See* **Exhibit 1**. Drake further promoted the brand and celebrated his birthday on October 24 for the past three years by offering customers free chicken sliders at the restaurant chains.

15.    In addition to its DAVE'S HOT CHICKEN house mark and various other word marks for use in connection with its products and services, in 2017, Dave's Hot Chicken developed and began using distinctive logo marks for its restaurant services depicting a "cartoonesque" rubber chicken (hereinafter the "Chicken Logo Marks"). In 2021, Dave's Hot Chicken applied for Federal Registration of the following design marks, which registered with the United States Patent and Trademark Office in 2019 and 2022, respectively:

 

*See* **Exhibits 2 & 3**.

16.    Defendant also applied for federal copyright protection for its original



artwork, which was registered by the U.S. Copyright Office on March 26, 2025 with an effective date of registration of October 17, 2024. *See* **Exhibit 4**.

17.    Since 2017, the Chicken Logo Marks have been continuously used in commerce by Dave's Hot Chicken in conjunction with the provision of its restaurant, bar, and catering services.

18.    Furthermore, the overall look and feel of Dave's Hot Chicken's restaurant Trade Dress is highly distinctive and serves to identify Plaintiff as the operator and provider of the services in each location. Further, thanks to hundreds of millions of views on social media, the Dave's Hot Chicken Trade Dress has achieved notoriety even in places where Dave's Hot Chicken

does not operate a restaurant location. For example, consumers have messaged Dave's Hot Chicken on social media to ask when one of its unique restaurants and delicious chicken will be available in various cities in Louisiana, including New Orleans and Baton Rouge.

19.    The recognition that Dave's Hot Chicken's Trade Dress enjoys did not come easy. Indeed, since opening the first brick-and-mortar location in 2018, all Dave's Hot Chicken restaurants have continuously and prominently featured complex graffiti and street art décor along with various other identifiable aspects of Plaintiff's Trade Dress.

20.    Specifically, all Dave's Hot Chicken restaurants use a unique menu that features a seven-level spice selection, displays a Dave's Hot Chicken trademark on the lower left corner, and primarily uses three colors – black, off-white, and red – arranged in vertical sections:



*See* **Exhibit 5**.

21.    Further, as pictured below, Dave's Hot Chicken locations are known for their DAVE'S HOT CHICKEN signage in their signature, all capital, neon-red lettering:

 

*See, e.g.,* **Exhibit 6**.

22.     One of the most unique aspects of Plaintiff's Trade Dress is the unmistakable graffiti and street art adorning the walls, and in some cases the ceilings, throughout every Dave's Hot Chicken restaurant location:



7



*See, e.g.,* **Exhibits 7 & 8**. The distinctiveness of Dave's Hot Chicken's Trade Dress is further punctuated by Dave's Hot Chicken being the first restaurant to implement such restaurant décor in the Nashville-style hot chicken industry.

23.    Dave's Hot Chicken's Trade Dress has been the subject of much social media attention and promotion, resulting in individuals who have never set foot in a Dave's Hot Chicken restaurant being able to identify the brand and its products by the Trade Dress. *See, e.g.,* https://americanbuildersquarterly.com/2024/tiffany-vassos-daves-hot-chicken (last visited April 3, 2025) and **Exhibit 9**. This is partly because Dave's Hot Chicken boasts nearly *five million followers* across its social media accounts on Facebook.com, Instagram.com, TikTok.com, and YouTube.com, which has resulted in millions of organic views of the Dave's Hot Chicken brand online and the highest Instagram followers per restaurant of most national fast casual brands.

24.    The strength and recognizability of the Dave's Hot Chicken brand is no accident. Indeed, Dave's Hot Chicken allocates millions of dollars each year toward marketing and advertising, including approximately $22 million for 2025. Further, the reach of the Dave's Hot Chicken brand is not limited to social media as Dave's Hot Chicken also engages in advertising

through connected television, internet ads, sponsorship, billboards, and print. As a result, Dave's Hot Chicken enjoys a cult-like following that has produced compound growth year-over-year, including 156% total sales growth in 2022 compared to 2021, outpacing the growth of every other chain restaurant in the United States that year. *See, e.g.,* https://store.daveshotchicken.com/dhcpress (last visited April 3, 2025) and **Exhibit 10**.

25.    Presently, Dave's Hot Chicken operates more than 250 locations globally and generates over $800 million in annual sales worldwide. *See, e.g.,* https://www.reuters.com/markets/deals/restaurant-chain-daves-hot-chicken-explores-sale-sources-say-2025-02-11 (last visited April 3, 2025) and **Exhibit 11**. Even given this tremendous success, Dave's Hot Chicken shows no signs of slowing down, with more than 1,000 locations in its development pipeline, including a location in New Orleans, Louisiana. For all these reasons, and more, Dave's Hot Chicken has become a global powerhouse that is known throughout the United States and internationally for its delicious chicken, distinct branding, and unforgettable restaurant décor.

26.    Due to this incredible and rapid success, Dave's Hot Chicken takes great care to protect and carefully manage its intellectual property portfolio, copyrights, trademarks, trade secrets, trade dress, and confidential information, as they are exceedingly valuable company assets.

## DAVE'S HOT CHICKEN'S INTELLECTUAL PROPERTY

27.    Dave's Hot Chicken has used its Chicken Logo Marks since at least as early as 2017, and this use has been continuous since the dates of first use and the marks have not been abandoned.

28.    Since its inception, Dave's Hot Chicken has established a portfolio of trademarks and trade dress rights.

29.    Among many other word and design marks, Plaintiff is the owner of U.S.



Trademark Registration No. 5,646,609 for the mark , used in connection with restaurant,

bar, and catering services in International Class 43. This mark was registered on the Principal

Register on January 8, 2019, with a first use in commerce date of February 1, 2017. This

registration is incontestable. A report from the Trademark Status & Document Retrieval ("TSDR")

database of the United States Patent and Trademark Office ("USPTO") for this mark is attached

as **Exhibit 2**.

30.    Plaintiff is also the owner of U.S. Trademark Registration No. 6,721,972 for the



mark , also registered and used in connection with restaurant, bar, and catering

services in International Class 43. This mark was registered on the Principal Register on May 24,

2022, with a first use in commerce date of February 1, 2017. A report from the TSDR database of

the USPTO for this mark is attached as **Exhibit 3**.

31.    Plaintiff's registered marks in U.S. Trademark Registration Nos. 5,646,609 and

6,721,972 (collectively the "Chicken Logo Marks") are valid and subsisting, and they are prima

facie evidence of Plaintiff's exclusive right to use the marks in commerce or in connection with

the services specified in each registration. In addition, Registration No. 5,646,609 is incontestable

under § 15 of the Lanham Act, 15 U.S.C. § 1065, and it is therefore conclusive evidence of the

validity of the registered mark, of registration of the mark, of Plaintiff's ownership of the mark,

and of Plaintiff's exclusive right to use the mark in commerce under § 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

32.    The Chicken Logo Marks, in addition to Plaintiff's other word and design marks, are well known around the country, and they have been so for multiple years.

33.    The Chicken Logo Marks not only have been used by Dave's Hot Chicken in interstate commerce, but also have been advertised and promoted by Dave's Hot Chicken and have developed and represent valuable goodwill inuring to the benefit of Dave's Hot Chicken.

34.    Plaintiff is also the owner of a U.S. Copyright Registration in Registration No. VA



2-439-307 for the "Chicken Logo" artwork, as follows:                    (the "Chicken Work"). *See* **Exhibit 4**.

35.    Dave's Hot Chicken extensively advertises its products and services through all traditional media, including but not limited to television, print, signage, billboards, and online channels including social media. Dave's Hot Chicken has a YouTube channel, a Facebook page, and an Instagram page, among other social media outlets, which it uses to connect with its existing customers and to find new customers. Dave's Hot Chicken's advertising makes prominent use of the Chicken Logo Marks.

36.    Dave's Hot Chicken maintains a wide-reaching and influential social media presence, which makes prominent use of its Chicken Logo Marks. Dave's Hot Chicken's successful social media presence is evidenced by its 3.5 million followers on TikTok, 1.7 million followers on Instagram, roughly 87,000 subscribers on YouTube, and roughly 78,000 followers

on Facebook. *See* https://www.tiktok.com/@daveshotchicken?lang=en (last visited April 3, 2025),

https://www.instagram.com/daveshotchicken/ (last visited April 3, 2025),

https://www.facebook.com/ToLiveandFryInLA/ (last visited April 3, 2025),

https://www.youtube.com/channel/UC9vs2tCWVZ7i9Mznog2C7bA (last visited April 3, 2025),

and **Exhibits 12-15**.

37.    The Chicken Logo Marks point directly and immediately to Dave's Hot Chicken, and serve as Dave's Hot Chicken's identity and persona in the eyes of customers and potential customers, and have done so for years.

38.    Likewise, as explained in detail above, Dave's Hot Chicken's Trade Dress, namely the unique signage, menu design, interior décor consisting of unique graffiti wall art, and overall distinctive look and feel of Dave's Hot Chicken locations, points directly and immediately to Dave's Hot Chicken, and serves as Dave's Hot Chicken's identity and persona in the eyes of customers and potential customers, and it has done so for years.

## **DEFENDANT'S INFRINGEMENTS**

39.    Upon information and belief, Defendant Blazin' Hot Chicken is a fast-casual restaurant chain in Louisiana also specializing in Nashville-style hot chicken.



*See* https://blazinhotchicken.com/ (last visited April 3, 2025) and **Exhibit 16.**

40.     Defendant offers a variety of hot chicken sandwiches and pieces, as well as meals and other sides including fries, coleslaw, and milkshakes. As shown on Defendant's menu below, Defendant's customers select one of six spice levels, from "Country" to "Blazin' Hot":



*See* https://blazinhotchicken.com/menu/ (last visited April 3, 2025) and **Exhibit 17.**

41.    Defendant has developed a logo depicting a lifeless, rubber chicken with an open mouth, and uses this logo throughout its promotional and marketing materials as shown throughout **Exhibits 16-20** (hereinafter referred to as "Infringing Chicken Designs"):

   

42.    Upon information and belief, as a result of Dave's Hot Chicken's extensive advertising and promotion of its Chicken Logo Marks and Chicken Work, Defendant had access to and was familiar with the same prior to adopting its Infringing Chicken Designs in or around 2023.

43.    Indeed, Defendant's Infringing Chicken Designs bear glaring similarities to Dave's Hot Chicken's federally-registered Chicken Logo Marks and its original copyrighted Chicken Work. As evidenced by the comparisons below, Defendant's Infringing Chicken Designs improperly copy constituent, original elements of Plaintiff's Chicken Work, including the image of a yellow rubber chicken with red lips, a red comb, bulging, lifeless eyes, and an open mouth, which connote an identical commercial impression to Plaintiff's Chicken Logo Marks.



| Dave's Hot Chicken's Chicken Logo Marks | Defendant's Infringing Chicken Design |
|---|---|

44.    Further, in a highly similar fashion to that of Dave's Hot Chicken, Defendant uses a circular design incorporating the house brand BLAZIN' HOT CHICKEN in circular lettering surrounding the design of the chicken.

45.    Defendant's menu design contains a highly similar layout to Dave's Hot Chicken well-known menu, including the placement of the respective chicken designs and spice level selections on the left-hand, the primary chicken products in the center of the menus, and the sides and beverages to the right:

| Dave's Hot Chicken's Menu | Defendant's Menu |
|---|---|



*See* **Exhibits 5, 17**.

46.    Defendant's menu even copies the color scheme of Dave's Hot Chicken's menu and reproduces its Infringing Chicken Design in the lower left corner—the exact location originally chosen by Dave's Hot Chicken. Defendant has also taken Dave's Hot Chicken's unique gradation of color to signify the spice level of the food products, from the hottest spice identified in dark red text to the mildest spice identified in yellow text.

47.    The exterior and interior décor of the respective stores is also highly similar. As mentioned above, a signature aspect of Dave's Hot Chicken restaurants is the unique graffiti art covering the walls, the muted color of the floors, and the red metal chairs under wooden tables. As shown below, the overall look and feel of the exterior and interior of the Parties' respective stores are highly similar:

| Dave's Hot Chicken Restaurants | Defendant's Restaurants |
|---|---|





*See* **Exhibits 6-8**.                                    *See* **Exhibits 20-23**.

48.    The Infringing Chicken Designs used by Defendant are highly similar, colorable imitations of Plaintiff's registered Chicken Logo Marks.

49.    Likewise, Defendant's trade dress, including its menu design and exterior and interior restaurant décor (collectively, the "Infringing Trade Dress") mimic the unique look and feel of Plaintiff's Trade Dress.

50.    Plaintiff has priority in its federally-registered Chicken Logo Marks. Plaintiff's U.S. Trademark Registration No. 5,646,609 provides it with conclusive evidence of its rights in the  mark that is the subject of that registration. Plaintiff's U.S. Trademark Registration No. 6,721,972 provides it with prima facie evidence of its rights in the mark that is the subject of that registration.

51.    Defendant is, and was at the time it began infringing the Chicken Logo Marks, aware of the vast and valuable goodwill and reputation represented and symbolized by Plaintiff's Chicken Logo Marks. Defendant is also aware that Dave's Hot Chicken's customers and potential customers rely upon Plaintiff's marks as distinguishing Plaintiff's products and services from the products and services of others. As such, Defendant adopted the Infringing Chicken Designs in bad faith in an effort to benefit from the goodwill associated with Plaintiff's Marks.

52.    Moreover, Blazin' Hot Chicken's Infringing Chicken Designs are also substantially similar to and unauthorized derivative works of Plaintiff's copyrighted, original Chicken Work that Defendant has reproduced on at least its website, social media, marketing materials, restaurant décor, and disposable tableware without the approval, permission, or authorization of Dave's Hot Chicken.

53.    Plaintiff also has priority in its distinctive Trade Dress and overall look and feel of its restaurants, including its unique interior décor consisting of graffiti art and unique menu display, as Plaintiff began incorporating these designs and overall look and feel of the stores well before Defendant even organized in 2023.

54.    Defendant is, and was at the time it began infringing Plaintiff's Trade Dress, aware of the vast and valuable goodwill and nationally-recognized reputation represented and symbolized by Plaintiff's Trade Dress. Defendant is also aware that Dave's Hot Chicken's customers and potential customers rely upon Plaintiff's Trade Dress as distinguishing Plaintiff's products and services from the products and services of others. As such, Defendant adopted its Infringing Trade Dress in bad faith in an effort to benefit from the goodwill associated with Plaintiff's brand.

55.    Customers and potential customers are likely to believe Defendant is associated with, sponsored by, or affiliated with Dave's Hot Chicken when the same is not true. Defendant's use of highly similar marks and trade dress to Plaintiff's Chicken Logo Marks and Trade Dress creates a reasonable, but false, association with Dave's Hot Chicken, especially considering Dave's Hot Chicken's history of successful and widespread promotion and marketing of its brand, marks, and overall look and feel of its restaurants.

56.    Defendant's products and services have been, are, and likely will be promoted, offered, and sold in the same or overlapping channels of trade to the same customers or class of customers as those served by Dave's Hot Chicken.

57.    Defendant operates in the same geographic markets as Dave's Hot Chicken. Dave's Hot Chicken provides its products and services to customers across the United States, and has firmly established plans to expand to Louisiana and this District.

58.     Defendant's use of the Infringing Chicken Designs and Infringing Trade Dress has always been and continues to be without the permission, consent, or authority of Dave's Hot Chicken.

59.     Defendant's use of the Infringing Chicken Designs and Infringing Trade Dress is likely to diminish the goodwill associated with the marks and trade dress owned by Dave's Hot Chicken.

60.     Defendant's unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress is likely to cause confusion or mistake, or to deceive customers into believing that Defendant's products and services advertised, promoted, and offered under the Infringing Chicken Designs and Infringing Trade Dress are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Dave's Hot Chicken or that Dave's Hot Chicken's products and services offered under its marks and trade dress are sponsored, licensed or authorized by, or affiliated, connected, or otherwise associated with Defendant when the same is not true.

61.     Defendant's continued use of the Infringing Chicken Designs and Infringing Trade Dress is with full knowledge of the prior ownership by Plaintiff of its federally-registered Chicken Logo Marks, copyrighted Chicken Work, and of Plaintiff's Trade Dress, of Plaintiff's rights to use and control the use of such marks, and of Plaintiff's objections to Defendant's continued use of the Infringing Chicken Designs and Infringing Trade Dress.

62.     Defendant has had actual knowledge of its infringement of the Plaintiff's marks and trade dress since at least June 7, 2023, when counsel for Dave's Hot Chicken sent Defendant a cease-and-desist letter, notifying Defendant of its infringement of Plaintiff's marks and trade dress. Upon receipt of the letter, Defendant incorporated some minor changes to its logos until eventually reverting back to use of a confusingly similar version of Plaintiff's Chicken Logo

Marks. Defendant has consistently refused to make changes to its menu or overall look and feel of its restaurants to avoid consumer confusion.

63.     Upon information and belief, Defendant has had actual knowledge of its infringement of Plaintiff's Chicken Logo Marks and Trade Dress prior to June 7, 2023.

64.     Defendant also has had constructive notice of (1) the federally-registered Chicken Logo Marks as of the date that each mark was registered on the Principal Register and (2) the original, copyrighted Chicken Work as of its effective date of registration, October 17, 2024.

65.     Defendant has acted and continues to act without regard to Plaintiff's trademark rights and goodwill in the Chicken Logo Marks and Plaintiff's Trade Dress and Plaintiff's copyrights in the Chicken Work.

66.     Defendant's trademark and trade dress infringement and unfair competition is continuing and compounding. As recently as March 2025, Defendant opened an additional restaurant in Baton Rouge, Louisiana (the "New Restaurant") that (1) utilizes restaurant décor and trade dress that infringe Plaintiff's Trade Dress and (2) offers services under Defendant's Infringing Chicken Designs. Further, as recently as March 2025, Defendant advertised, promoted, and offered the New Restaurant's services under its Infringing Chicken Designs, which infringe Plaintiff's Chicken Logo Marks. Similarly, as recently as April 9, 2025, Defendant is advertising, promoting, and offering the services of its earlier-established restaurants under its Infringing Chicken Designs, and is already promoting its planned expansion into New Orleans, Louisiana. *See* *e.g.*, https://www.facebook.com/reel/1780703749330130 & https://www.facebook.com/reel/633316059517341 (last visited April 10, 2025).

67.     Defendant's unauthorized use of the Chicken Logo Marks and of Plaintiff's Trade Dress in connection with identical and overlapping products and services threatens to significantly

injure Dave's Hot Chicken's interests. Specifically, Defendant (a) has traded upon and threatens to further trade upon the significant and valuable goodwill in Plaintiff's Chicken Logo Marks and Trade Dress; (b) is likely to cause public confusion as to the source, sponsorship, or affiliation of Defendant's products and services; (c) has damaged and threatens to further damage Dave's Hot Chicken's significant and valuable goodwill in Plaintiff's Chicken Logo Marks and Trade Dress; (d) has injured and threatens to further injure Dave's Hot Chicken's right to use the Chicken Logo Marks and Trade Dress as the exclusive indicia of origin of Dave's Hot Chicken's products and services in the United States; and (e) has lessened the capacity of Plaintiff's Chicken Logo Marks and Trade Dress to serve as a unique indicator of products and services offered by Dave's Hot Chicken.

68.    Similarly, Defendant's unauthorized reproduction of substantially similar copies of the Chicken Work harms Dave's Hot Chicken's rights in the same and has resulted in harm to Dave's Hot Chicken.

69.    Unless these infringing acts by Defendant are preliminarily and permanently enjoined by this Court, they will cause irreparable injury to Dave's Hot Chicken and to the public, for which there is no adequate remedy at law. If Defendant is permitted to continue its willful and knowing infringement, further damage and irreparable injury will be sustained by Dave's Hot Chicken through loss of control of its Chicken Logo Marks and Trade Dress, and others will be encouraged or induced to infringe upon Plaintiff's Chicken Logo Marks and Trade Dress. Through such infringement, the goodwill and distinctiveness of the Plaintiff's Chicken Logo Marks and Trade Dress will be substantially reduced or destroyed, for which Dave's Hot Chicken cannot be adequately compensated at law.

70.    Defendant's acts of copyright, trademark, and trade dress infringement, unfair competition, and false designation of origin complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Dave's Hot Chicken's rights. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

71.    Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

72.    Plaintiff is the owner of U.S. Trademark Registration No. 6,721,972 and U.S. Trademark Registration No. 5,646,609 for the Chicken Logo Marks. Plaintiff's registered Marks are valid and subsisting, and are prima facie evidence of Plaintiff's exclusive right to use the Chicken Logo Marks in commerce. In addition, Registration No. 5,646,609 is incontestable under § 15 of the Lanham Act, 15 U.S.C. § 1065, and it is therefore conclusive evidence of the validity of the registered mark, of registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the mark in commerce.

73.    The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval and therefore constitute federal trademark infringement of the Chicken Logo Marks in violation of 15 U.S.C. § 1114(1). By reason of Defendant's bad faith and willful infringement, Plaintiff is entitled to recover actual and treble damages, an accounting for Defendant's profits, attorneys' fees, the costs of this litigation pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION (15 U.S.C. § 1125(a))**

74.    Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

75.    The infringements of Plaintiff's Chicken Logo Marks and Trade Dress by Defendant complained of herein include false and misleading representations of fact in connection with Defendant's products and services that are likely to cause confusion as to the origin, sponsorship, or approval of the products and services and therefore constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff is entitled to recover actual and treble damages, attorney fees, the costs of this litigation pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III

**FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 and 501)**

76.    Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

77.    Plaintiff is the owner of U.S. Copyright Registration No. VA 2-439-307 for its original Chicken Work.

78.    Upon information and belief, Defendant had access to Plaintiff's original Chicken Work as a result of Plaintiff's extensive advertising and promotion of the Chicken Work on its website and on social media and has had constructive notice of the Chicken Work since at least October 17, 2024.

79.    Defendant copied, reproduced, distributed, adapted, publicly displayed, and/or sold original elements of Plaintiff's Chicken Work without the consent, permission, or authorization of Plaintiff.

80.    Defendant's conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

81.    Defendant's acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

82.    Plaintiff is entitled to actual and/or statutory damages and Defendant's profits attributable to its copyright infringement in the United States pursuant to 17 U.S.C. § 504.

83.    Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from all the unauthorized and infringing uses of Plaintiff's Chicken Work, including the use of any derivative works or substantially similar copies of Plaintiff's Chicken Work, identified herein.

## COUNT IV

## LOUISIANA UNFAIR TRADE PRACTICES (LA. R.S. 51:1401, ET SEQ.)

84.    Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

85.    Defendant's conduct as alleged herein constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, *et seq.*

86.    Defendant engages in business in direct competition with Plaintiff.

87.    Defendant's ongoing and unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress is likely to deceive consumers and cause confusion as to the source, sponsorship, or approval of Defendant's goods and services.

88.    Defendant's ongoing conduct has caused, and is likely to continue to cause, substantial injury to consumers and to Plaintiff's business reputation and goodwill.

89.    As a direct and proximate result of Defendant's unfair and deceptive acts, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

90.    Pursuant to La. R.S. 51:1409(A), Plaintiff is entitled to recover its actual damages, attorneys' fees, and costs.

91.    Defendant's actions were and are knowing, willful, and in reckless disregard of Plaintiff's rights.

## COUNT V

**LOUISIANA INJURY TO BUSINESS REPUTATION; DILUTION (LA. R.S. 51:223.1)**

92.    Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

93.    Plaintiff's Chicken Logo Marks and Trade Dress include unique, distinctive, and non-functional components. Plaintiff's Chicken Logo Marks and Trade Dress were in existence before Defendant's Infringing Chicken Designs and Infringing Trade Dress. Plaintiff has extensively and continuously promoted and used its Chicken Logo Marks and Trade Dress throughout the United States since their creation.

94.    Through that extensive and continuous use, Plaintiff's Chicken Logo Marks and Trade Dress have become a well-known indicator of the origin and quality of Plaintiff's products and services to potential Louisiana consumers. In the minds of potential Louisiana consumers, the

significance of Plaintiff's Chicken Logo Marks and Trade Dress is to identify Plaintiff as the source of the products and services provided by Plaintiff.

95.     Defendant's unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress, under the circumstances described above, has injured, or is likely to injure, Plaintiff's business reputation, in violation of La. R.S. 51:223.1, and cause irreparable harm.

96.     Defendant's unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress has diluted, or is likely to dilute, the distinctive quality of Plaintiff's Chicken Logo Marks and Trade Dress.

97.     Unless enjoined, Defendant's aforesaid conduct will cause Plaintiff further irreparable harm, and Plaintiff is entitled to injunctive relief pursuant to La. R.S. 51:223.1.

## COUNT VI

## TRADEMARK AND TRADE DRESS INFRINGEMENT UNDER LOUISIANA LAW

98.     Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

99.     Plaintiff's Chicken Logo Marks and Trade Dress include unique, distinctive, and non-functional components. Plaintiff's Chicken Logo Marks and Trade Dress were in existence before Defendant's Infringing Chicken Designs and Infringing Trade Dress. Plaintiff has extensively and continuously promoted and used its Chicken Logo Marks and Trade Dress throughout the United States since their creation.

100.    Through that extensive and continuous use, Plaintiff's Chicken Logo Marks and Trade Dress have become a well-known indicator of the origin and quality of Plaintiff's products and services to potential Louisiana consumers. In the minds of potential Louisiana consumers, the

significance of Plaintiff's Chicken Logo Marks and Trade Dress is to identify Plaintiff as the source of the products and services provided by Plaintiff.

101.   Defendant's unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress, used in connection with the provision of goods and services in direct competition with Plaintiff, constitutes trademark and trade dress infringement under Louisiana law, at least because Defendant's unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are authorized by or otherwise associated with Plaintiff.

102.   Defendant's unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's Chicken Logo Marks and Trade Dress, and Plaintiff.

103.   On information and belief, Defendant's unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the glaring similarities of the Infringing Chicken Designs and Infringing Trade Dress and by Defendant's continuing disregard for Plaintiff's rights.

104.   Plaintiff is entitled to injunctive relief, and Plaintiff is also entitled to recover at least Plaintiff's damages, including Defendant's profits, punitive damages, costs, and reasonable attorneys' fees.

## COUNT VII

### UNFAIR COMPETITION UNDER LOUISIANA LAW

105.    Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

106.    Plaintiff's Chicken Logo Marks and Trade Dress include unique, distinctive, and non-functional components. Plaintiff's Chicken Logo Marks and Trade Dress were in existence before Defendant's Infringing Chicken Designs and Infringing Trade Dress. Plaintiff has extensively and continuously promoted and used its Chicken Logo Marks and Trade Dress throughout the United States since their creation.

107.    Through that extensive and continuous use, Plaintiff's Chicken Logo Marks and Trade Dress have become well-known indicators of the origin and quality of Plaintiff's products and services to potential Louisiana consumers. In the minds of potential Louisiana consumers, the significance of Plaintiff's Chicken Logo Marks and Trade Dress is to identify Plaintiff as the source of the products and services provided by Plaintiff.

108.    Defendant's unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress, used in connection with the provision of goods and services in direct competition with Plaintiff, constitutes unfair competition under Louisiana law, at least because Defendant's unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, including by creating the false and misleading impression that the infringing products are authorized by or otherwise associated with Plaintiff.

109.    Defendant's unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress has caused and, unless enjoined, will continue to cause substantial and irreparable

injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's Chicken Logo Marks and Trade Dress, and Plaintiff.

110.    On information and belief, Defendant's unauthorized use of the Infringing Chicken Designs and Infringing Trade Dress has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the glaring similarities of the Infringing Chicken Designs and Infringing Trade Dress and by Defendant's continuing disregard for Plaintiff's rights.

111.    By engaging in the foregoing acts, Defendant has knowingly engaged in unfair competition in violation of the law of the State of Louisiana.

112.    Plaintiff is entitled to recover actual and punitive damages for Defendant's unfair competition.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant on the trademark infringement, copyright infringement, unfair competition, and trade dress claims set forth above and respectfully requests the Court grant the following relief:

a.    A judgment that Defendant has infringed United States Trademark Registration Nos. 5,646,609 and/or 6,721,972 and/or Dave's Hot Chicken's rights in the Chicken Logo Marks;

b.    A judgment that Defendant has infringed United States Copyright Registration No. VA 2-439-307;

c.    A judgment that Defendant has competed unfairly with Dave's Hot Chicken in bad faith;

d.      A judgment that Defendant has infringed Dave's Hot Chicken's Trade Dress rights;

e.      Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, directly or indirectly, be preliminarily and then permanently enjoined from using the Infringing Chicken Designs and Infringing Trade Dress, and any other name or trade dress that is confusingly similar to or derived from Plaintiff's Chicken Logo Marks and Trade Dress;

f.      Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to modify all marketing materials, internet and social media content, products, packaging, and promotional material to eliminate usage of the Infringing Chicken Designs, and any other name, design, or logo that is confusingly similar to or derived from Dave's Hot Chicken's marks;

g.      Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to deliver to the Court for destruction, or show proof of destruction of, any and all labels, prints, packages, wrappers, receptacles, and advertisements, and any other materials in Defendant's possession or control that use the Infringing Chicken Designs, and any other name, design, or logo that is confusingly similar to or derived from Dave's Hot Chicken's marks;

h.      Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to take all reasonably available steps to remove (1) the Infringing Chicken Designs, and any other name, design, or logo that is confusingly similar to or derived from Dave's Hot Chicken's Chicken Logo Marks, and (2) the Infringing Trade Dress, from the exteriors and interiors of Defendant's stores, Facebook pages, Instagram accounts, social media of any and all kinds, and any other listing or promotion service;

i.      Defendant be ordered to file with this Court and to serve upon Plaintiff within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

j.      A judgment and order requiring Defendant to pay damages to Plaintiff for all damages it sustains as a result of Defendant's trademark infringement, unfair competition, and false designation of origin, to include, but not be limited to lost profits, the value of any diminution of goodwill associated with Plaintiff's logos and marks, and any diminution in value of Plaintiff's logos and marks, and that said damages be trebled, with interest;

k.      An accounting be directed to determine Defendant's profits resulting from Defendant's activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case under 15 U.S.C. § 1117;

l.      Defendant and all others acting in concert with it be directed to pay punitive damages to deter Defendant and all others similarly situated from like unlawful conduct in the future due to Defendant's unfair competition;

m.      A finding that this case is exceptional and a judgment and order directing Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 15 U.S.C. § 1117, with interest; and

n.      That Plaintiff recover such other and further relief as the Court may deem just and proper.

Dated: April 29, 2025

Respectfully submitted,

*/s/ W. Raley Alford, III*
W. Raley Alford, III (Bar Roll #27354)
Margaret L. Manning (Bar Roll #39268)
STANLEY REUTER ALFORD
OWEN MUNSON & PAUL, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile: (504) 524-0069
wra@stanleyreuter.com
mlm@stanleyreuter.com

Thomas R. Johnson*
MERCHANT & GOULD P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 332-5300

John P. Olson*
MERCHANT & GOULD P.C.
500 Fifth Ave, Suite 4100
New York, NY 10110
Telephone: (612) 332-5300

Benjamin L. Dooley*
MERCHANT & GOULD P.C.
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
Telephone: (865) 380-5960

E-mail: tjohnson@merchantgould.com
E-mail: jolson@merchantgould.com
E-mail: bdooley@merchantgould.com

**Attorneys for Plaintiff Dave's Hot Chicken
Franchise Co., LLC**

**\* To be admitted pro hac vice**